Derbigny, J.
delivered the opinion of the cour.t Abel Curtis, one of the defendants and appellants, bought at the auction of the property left by Antonio Gras, a tract of land, part of a larger tract granted to the deceased by the *215 Spanish government. Richard Duval, the other defendant and appellant, became the surety in the purchase: the sale was expressed to be of "the title of the succession only, and without warranty.” The price was to be paid in four annual instalments, and the recovery of three of these was the object of so many distinct suits, now consolidated by consent.
East’n. District.
March 1816.
These suits were brought against the purchaser, and the surety jointly : and the surety having, in his answer to the two first suits, demanded the discussion of the property of his principal, it is necessary to dispose of this first obstacle to the recovery of the plaintiffs before we come to the defence on the merits.
It is alleged on the part of the surety, that he is not liable to be sued jointly with the principal debtor, and that on his plea or demand of a discussion, the suits ought to have abated, as to him.
The principle, in case of suits against sureties, is that the discussion of the principal debtor’s property must be previously made, if the surety require it. Therefore, had the surety been first sued alone, it is clear that this request on his part (supposing it to be accompanied with the conditions annexed to it by law) would *216 . have compelled the plaintiff to resort to a separate action against the principal, and that he should not have been permitted to proceed against the surety, until an execution, being levied on the principal’s property, should prove insufficient.
The case in which the surety is sued jointly with the principal, is not so much hinted at in the books within our reach : probably because such actions are ordinarily resorted to only in cases in which the surety bound himself in solido. Yet, as an action of the like kind (when the plaintiff, in one and the same suit, proceeds personally against his debtor and in rem against the holder of his pledge) is known to our law, Febrero Cinco Juicios, lib. 3, ch. 4. sect. 2, n. 76, we must infer that this mode of action is not illegal, and, if it be not attended with any unnecessary hardship or inconvenience to the surety, we see no reason why it should not be allowed.
The surety, who is bound secondarily and only in case the principal does not pay, secures to himself that advantage by the plea of discussion. What he is to pay is to be ascertained by the execution of the property of the principal. But, whether such previous execution take place in a suit against the principal alone or in one against both, justice is equally done to the sur *217 ety. It may even be said that the mode of proceeding is rather advantageous to him, in saving costs, which he is eventually liable to lose.
We are therefore of opinion that the present actions can be maintained, against both defendants.
As to their defence on the merits, it is altogether frivolous. Curtis bought from the plaintiffs and appellees the title only, which the heirs of Gras had to the land in question, and this without any warranty. Yet the defendants, allege, that third persons, holding a better title, have disturbed the purchaser in his possession. Having complained of that disturbance, they assert, at one breath, that the land has not been delivered. At the same time, so conscious do they seem to be of the futility of these allegations, that they have not even attempted to produce any evidence to support those, which it was their duty to prove.
It is ordered, adjudged and decreed, that the judgment of the district court be affirmed, with this modification, that the execution of it, against Duval, shall be suspended, until it shall be ascertained, by the execution and sale of the property of Curtis, the principal debtor, how much Duval may have to pay.
Denis for the plaintiffs. Moreau for the defendant.